return for the taxable year he included the amount of $500 as income on account of groceries for personal use, which amount the Commissioner increased to $1,000. In observance of religious laws, taxpayer ate no meat or bread such as he carried in his store. Income to the taxpayer on account of groceries for personal use from his store amounted to $500 during the taxable year.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, under Rule 50.

---

## Appeal of WHOLESALE COAL CO.

Docket No. 4515. Submitted November 17, 1925. Decided January 26, 1926.

*Frederick C. Rohwerder, C. P. A.*, for the taxpayer.
*John W. Fisher, Esq.*, for the Commissioner.

### Before Phillips and Trammell.

Taxpayer appeals from the determination of a deficiency of $9,884.19, income and profits tax for 1920, and alleges error on the part of the Commissioner in disallowing a deduction of $20,774.51, claimed to be a debt due taxpayer from the Knickerbocker Corporation ascertained to have been worthless and charged off during the taxable year.

#### FINDINGS OF FACT.

On April 29, 1920, taxpayer entered into an agreement with the Knickerbocker Corporation to deliver to it 50,000 tons of coal, at $4.75 per ton, f. o. b. cars at mines, such coal to be shipped at the rate of 5,000 tons per month commencing May 1, 1920. The contract provided for immediate payment upon presentation of bills of lading to Hennevig & Co., bankers, at New York City. The credit of the Knickerbocker Corporation was not good and at the time the contract was entered into a confirmed credit was established by the Knickerbocker Corporation with Hennevig & Co. for the purpose of making payment for the coal. In October, taxpayer's officers heard rumors affecting the credit of Hennevig & Co. and shipments were curtailed. Taxpayer was assured by officers of Hennevig & Co. that the credit of that corporation was not affected, and in the latter part of October payment for coal shipped to that date was made in full. In November a large number of small shipments was made. Taxpayer found itself unable to collect promptly for these shipments, and, in the latter part of November, Hennevig &

Co. were unable to meet freight charges. On November 30 the Knickerbocker Corporation was indebted to taxpayer in the sum of $45,395.18. A few small shipments were made after that date. On December 14, 1920, approximately $36,500 was paid on the account and thereafter no other shipments were made.

During December, the Knickerbocker Corporation informed taxpayer that it was in bad shape financially, but threatened to bring suit against taxpayer for damages for failure to make deliveries in accordance with the contract. The taxpayer had at all times been in default in its deliveries under the contract. Fearing that the Knickerbocker Corporation might go into bankruptcy and that taxpayer would be held liable for substantial damages, taxpayer agreed to take notes in payment of its claim and to cancel the contract upon the further payment of $5,000 in notes. This arrangement was made in the latter part of December, 1920. Subsequently, early in January, 1921, the agreement was reduced to writing, general releases were exchanged, and the taxpayer received notes of Hennevig & Co. to the order of Knickerbocker Corporation, endorsed by Knickerbocker Corporation to its order. The balance due taxpayer on December 31, 1920, was $21,235.20. The notes received by taxpayer amounted to $25,000, of which $20,000 was considered to be for the amount due and $5,000 for cancellation of the contract. The account was charged off its books by taxpayer in December, 1920.

Hennevig & Co. went into bankruptcy in February, 1921. In April, 1921, the notes were turned over to an attorney for collection from the Knickerbocker Corporation. Investigation disclosed that the Knickerbocker Corporation had ceased all business and was without any known assets, and no legal action was taken or collection made.

DECISION.

The determination of the Commissioner is approved.

---

APPEAL OF HENRY RIFFEL.

Docket No. 3576.    Submitted October 17, 1925.    Decided January 26, 1926.

*Benjamin Mahler, Esq.*, for the taxpayer.
*John F. Greaney, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency in estate tax, in the sum of $9,621.94, on the estate of Henry Riffel, who